## ·CHARLESTON.

STATE *v.* W. L. RHOME

(No. 6734)

Submitted November 18, 1930.   Decided November 25, 1930.

*Everett F. Moore,* and *McCamic & Clarke* and *Jay T. Mc-Camic,* for plaintiff in error.

LITZ, JUDGE:

The defendant, W. L. Rhome, was fined and sentenced to twelve months in jail upon conviction for perjury under sections 1 and 2, chapter 147, Code 1923, providing: ''If a person to whom an oath is lawfully administered on any occasion shall, on such occasion, wilfully swear falsely touching any material matter or thing, he shall be guilty of perjury; • * *. Any person who commits or procures another person to commit perjury, shall, if the perjury be on trial for felony, be confined in the penitentiary not less than one nor more than ten years; *and if it be on any other occasion, be confined in jail one year and be fined not exceeding one thousand dollars.''*

On April 15, 1929, Chester A. Burks, a justice of the peace of Marshall County, rendered judgment against Rhome in favor of Laura V. Simpson for $271.27 in the trial of an action under a distress warrant for rent theretofore issued for her benefit and levied upon his household effects, and directed the sheriff to sell the property distrained to satisfy the judg-

ment. Two days later, Rhome executed and delivered to the sheriff and exemption list purporting to set forth all ''money, bonds, bills, notes, claims and demands'' belonging to him of the value of $101.25 as exempt from execution or other process, under sections 23 and 24, chapter 41, Code 1923.

The charge of perjury against the defendant is predicated solely upon the omission from the exemption list of a claim against the state of Marshall County for fees due him as a constable of said county amounting to $146.50; the existence of which he had disclosed to Mrs. Simpson prior to the issuance of the distress warrant. Before executing the exemption list, he consulted Judge J. Howard Holt, a reputable attorney of Moundsville, who advised him that it would not be necessary to include this claim and referred him to John M. Fitzsimmons, another attorney, who was also a notary public. Rhome then consulted Fitzsimmons who prepared the list and administered the oath for a fee of five dollars. In view of the facts stated, the evidence does not warrant the finding that the defendant willfully omitted the constable fees from the exemption list.

The judgment is, therefore, reversed, the verdict set aside and a new trial awarded.

*Reversed and remanded.*